**SAO**
BYRON E. THOMAS, ESQ. (NBN 8906)
E-mail: byronthomaslaw@gmail.com
LAW OFFICES OF BYRON THOMAS
3275 S. Jones Blvd, Ste 104
Las Vegas, Nevada 89146
Telephone:    702 747-3103
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ALEX GILBERT, an individual; DIANE GILBERT, an individual;<br><br>　　　　Plaintiffs,<br>v.<br><br>INTEGRATED FINANCIAL ASSOCIATES, INC., a Nevada corporation; KEN TEMPLETON, an individual, WILLIAM DYER, an individual; ALAN R. SMITH an individual TOWN CENTER LENDER GROUP LLC, a Nevada limited liability company; INTEGRATED MANAGERS LLC, a Nevada limited liability company; WESTERN ALLIANCE BANCORPORATION dba BANK OF NEVADA, a Delaware corporation; DOES I-X; ROES XI-XX;<br>　　　　　　　　Defendants. | Case No.: 2:21-cv-02244-JCM-EJY<br><br>**MOTION TO EXTEND DEADLINE TO FILE RESPONSE WESTERN ALLIANCE BANCORPORATION DBA BANK OF NEVADA'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**<br><br>**( FIRST REQUEST)** |

COMES now Plaintiffs Alex and Diane Gilbert by and through their counsel Law Offices of Byron Thomas and files this Motion to Extend Deadline to File Response to Western Alliance Bancorporation DBA Bank of Nevada's Motion to Dismiss or in the Alternative Motion for Summary Judgment (the "Request"). This first Request is based on the points of authorities and any argument ordered by the Court

/ / /

/ / /

/ / /

/ / /

/ / /

1282858v.1

Page 1 of 4

## POINTS AND AUTHORITIES

A. **Request for Extension**

Federal Rule of Civil Procedure 6(b) provides:

> b) EXTENDING TIME.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>  (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>  (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
> (2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Local Rule IA 6-1 in relevant part states that "[ e]very motion or stipulation to extend time shall inform the Court of any previous extensions granted and state the reasons for the extension requested," The Defendant WESTERN ALLIANCE BANCORPORATION dba BANK OF NEVADA filed a Motion to Dismiss Complaint or in the Alternative Motion for Summary Judgment on February 24, 2022 (the "Motion").  A party has 21 days to respond to a motion for summary judgment. LR 7-2(b).  Therefore, the motion is timely and Plaintiff must only show good cause.

Courts interpreting FRCP 6(b) have held the rule "(is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'· Ananchian v. Xenon Pictures, Inc. 624 F.3d 1253, 1258-59 (9th Cir. 2010) quoting Rodgers v.Watt, 722 F.2d 456, 459 (9th Cir. 1983) quoting Staren v. American Nat'l Bank & Trust Co. of Chicago, 529 F.2d 1257, 1263 (7th Cir. 1976); see also Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

B **Danger of Prejudice**

The Ninth Circuit has stated its preference for adjudicating claims on the merits, largely in the name of judicial economy. Moradi v. Adelson, No. 11-00595, Docket #50 at 3 (D. Nev. 2011)

citing, Molfetta v. Time Ins. Co., No. 2:07-cv-01240- JCM-LRL, 2010 WL 2041703, at *1 (D. Nev. May 17, 2010) ("Due to the judicial preference of adjudicating issues on the merits, the court has exercised its discretion and considered Plaintiffs untimely opposition, and all arguments presented therein."); and cf Dayton Valley Investors, LLC v. Union Pac, RR Co., 664 F. Supp. 2s 1174, 1179 (D. Nev. 2009) (finding good cause for allowing a belated summary judgment motion where the Court would ·'eventually address" the issues raised in that motion).

There is no danger of prejudice. No hearing has been set on the Motion. The discovery plan is not yet due, no trial date has been set. Therefore, a ten-day delay should not prejudice the parties.

C. **Length of Delay**.

Plaintiffs seek a ten day extension. In analyzing the length of the delay the Ahanachian, Court looked at the effect the delay would have on the summary judgment hearing date and the date of the trial. 624 F.3d at 1262. In the instant case the delay would have a negligible effect on the case, because of the early stage of the case. No hearing or trial date has been set.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

D. **Reason for Delay**.

Counsel for Plaintiffs has been ill for several days.  Counsel is also preparing for trial. Counsel for Plaintiffs is a solo practitioner and therefore there is no other party that can handle these matters.  Thus, the  Plaintiffs need  the additional time to file a response to the Motion.

## CONCLUSION

For the foregoing reason the Plaintiffs respectfully request a ten day extension of the deadline to file a response to the Motion.

DATED this __17th day of  March 2022

LAW OFFICES OF BYRON THOMAS

_____/s/ Byron E. Thomas_____
BYRON THOMAS, ESQ.
Nevada Bar No. 8906
3275 S. Jones Blvd., Ste. 104
Las Vegas, Nevada 89146
(702) 747-3103
byronthomaslaw@gmail.com
Attorney for Plaintiff

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE, ,


DATED:__March 18, 2022__

1282858v.1